UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHARLES WEGRZYN and
ED WEGRZYN

        Plaintiffs,

v.                                    Civil Action No._____

VITAL RECOVERY SERVICES, INC.

        Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d).

### III. PARTIES

2. Plaintiff CHARLES WEGRZYN is a natural person residing in Buffalo, New York.

3. Plaintiff ED WEGRZYN is a natural person residing in Buffalo, New York.

4. Each Plaintiff was a "consumer" within the meaning of 15 U.S.C. § 1692(a) at the time of the incidents which give rise to this complaint.

4. Upon information and belief, Defendant VITAL RECOVERY SERVICES, INC. ("VITAL") is a Georgia corporation, with its executive offices located at 3795 Beta Drive, Norcross, Georgia.

5. Upon information and belief, the Defendant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

6. Upon information and belief, the Defendant was employed by Citibank to collect a debt allegedly owed to them by CHARLES WEGRZYN.

7. On or about December 12, 2005, Defendant contacted ED WEGRZYN by telephone, and left a message for him to call back "about an important matter".

8. ED WEGRZYN called Defendant back and Defendant

   a) informed ED WEGRZYN that the call was an attempt to collect a debt owed by CHARLES WEGRZYN.

   b) accused ED WEGRZYN of lying about his real identity when ED WEGRZYN informed Defendant that he was not in fact CHARLES WEGRZYN.

   c) Disclosed CHARLES WEGRZYN's entire Social Security Number to ED WEGRZYN.

   d) Used profane language and hung up the phone on ED WEGRZYN.

9. On or about December 14, 2005 a person who identified himself as a supervisor working on behalf of Defendant contacted ED WEGRZYN by telephone again and:

   a) ED WEGRZYN again informed Defendant that he was not CHARLES WEGRZYN.

   b) defendant again disclosed CHARLES WEGRZYN'S entire social security number to ED WEGRZYN.

   c) ED WEGRZYN asked why Defendant was trying to contact CHARLES WEGRZYN, and defendant answered that it was concerning CHARLES WEGRZYN and "a valid situation that he owes".

10. Although ED WEGRZYN informed defendant on several occasions that he was not the debtor, Defendant continued to contact ED WEGRZYN repeatedly via telephone.

11. That the Defendant's second communication with ED WEGRZYN and all future communications with said Plaintiff were made despite the fact that Defendant did not have a reasonable belief that the prior information provided by said Plaintiff was erroneous or incomplete.

12. Plaintiffs, and each of them, have suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## V. FIRST CAUSE OF ACTION

13. Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1 through 12 above.

14. Defendants' violations of the FDCPA with respect to Plaintiff CHARLES WEGRZYN include, but are not limited to, the following:

    A. Defendant violated various 15 U. S.C.§ 1692d, and 15 U. S.C.§ 1692c(b) by disclosing CHARLES WEGRZYN's Social Security Number to a third party.

    B. Defendant violated 15 U. S.C.§ 1692c(b) and 15 U. S.C.§ 1692b(2) by telling ED WEGRZYN that CHARLES WEGRZYN owed a debt.

## VI. SECOND CAUSE OF ACTION

15. Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1 through 14 above.

16. Defendants' violations of the FDCPA with respect to Plaintiff ED WEGRZYN include, but are not limited to, the following:

    A.) Defendant violated 15 U. S.C.§1692d(2) by using profanity on the phone with ED WEGRZYN, the natural consequence of which was to abuse the hearer.

    B.) Defendant violated 15 U. S.C.§1692d(5) when, with the intent to annoy, abuse and/or harass ED WEGRYZYN, they repeatedly caused his telephone to ring and/or engaged him in conversation by telephone when they had been informed that he was not the debtor they were seeking to collect from.

    C.) Defendant violated 15 U. S.C.§1692b(1) and (3) during its' second communication with ED WEGRZYN by telephone, and all subsequent communications with him due to the fact that the purpose of said calls were not to obtain location information, and because Defendant did not reasonably believe the information provided by ED WEGRZYN's in prior communications was erroneous or incomplete.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against the Defendant for:

    (a) actual damages;

    (b) statutory damages pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

<u>A JURY TRIAL IS DEMANDED.</u>

Dated: February 2, 2006

                                          <u>s/KENNETH R. HILLER, ESQ.</u>
                                          Attorney for the Plaintiff
                                          2001 Niagara Falls Boulevard
                                          Amherst, NY 14228
                                          (716) 564-3288
                                          Email: khiller1@adelphia.net